UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DONTA WILLIS,

                Plaintiff,

v.                                                         Case No. 18-cv-1090-pp

MILWAUKEE POLICE DEPARTMENT, *et al.*,

                Defendants.

---

**ORDER DENYING PLAINTFF'S REQUEST FOR A REFUND (DKT. NO. 21)**

---

      The plaintiff filed three civil rights lawsuits in this district. See 18-cv-1089, 18-cv-1090 and 18-cv-2011. All three cases initially were assigned to Magistrate Judge David E. Jones. On October 22, 2018, the clerk reassigned the first two cases (18-cv-1089 and 18-cv-1090) to this court for screening of the complaints. On December 10, 2018, this court dismissed 18-cv-1089, finding that the complaint failed to state a claim for which a federal court could grant relief. 18-cv-1089, dkt. no. 23.

      The plaintiff filed this case on July 16, 2018, dkt. no. 1, and an amended complaint on September 24, 2018, dkt. no. 11. On November 14, 2018—after the clerk reassigned the case to this court—the plaintiff filed a motion to amend his complaint. Dkt. No. 17. He filed his proposed amended complaint two days later, on November 16, 2018. Dkt. No. 19. On November 27, 2018, the court received a letter from the plaintiff, informing the court that he didn't need to seek leave to amend the complaint, and indicating that he was waiting for

1

the court to screen the amended complaint. Dkt. No. 20. Due to the court's heavy calendar, and the fact that the court is short-staffed (one of the four judges on the court passed away over two years ago, and his successor has not been appointed), the court had not yet screened the second amended complaint.

On January 7, 2019, the plaintiff notified the court that because it had not screened the second amended complaint, he was voluntarily dismissing the case. Dkt. No. 21. In the notice of voluntary dismissal, the plaintiff stated that he "anticipate[d] a refund in the amount of $400.00 for the filing fee and administrative fee [he] once made payment to proceed the case." Id. at 1. The court construes this statement as a motion for refund of the civil case filing fee. It will deny that motion.

The Prison Litigation Reform Act states that "if a prisoner brings a civil action . . . the prisoner shall be required to pay the full amount of the filing fee." 28 U.S.C. §1915(b)(1). "The act of filing this case triggered the plaintiff's obligation to pay the filing fee in full." Christophel v. Husz, Case No. 08-cv-935, 2009 WL 4544737 at *2 (E.D. Wis. Nov. 25, 2009). "Litigants whose cases are dismissed for lack of jurisdiction or for any other reason do not get their money back even if the case is dismissed at an early stage; they have received the service for which they paid, which is the filing of the complaint and the opening of the case. The fee covers the administrative costs incurred at the time of filing." Perkins v. Lew, Case No. 14-cv-388, 2016 WL 2944689 at *1 (W.D. Wis. May 20, 2016).

When the plaintiff filed the complaint in July 2018, he triggered an obligation to pay the filing fee. He received the service for which he paid—the filing of the complaint and the opening of the case. The court has no authority to refund the filing fee under these circumstances.

The court **DENIES** the plaintiff's request for a refund. Dkt. No. 21.

Dated in Milwaukee, Wisconsin this 11th day of February, 2019.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**